## ROBINSON v. BENTON COUNTY.

AFFIDAVIT : *Mayor of incorporated town may take : Construction of statute.*

Section 797 of Mansfield's Digest confers upon the mayor of an incorporated town within its limits, not only the judicial power of a justice of the peace, as provided for in section 43, article 7, of the Constitution, but also the general power of a justice, including the power given by section 2918 of the Digest, to take affidavits generally. Such mayor may therefore take an affidavit to be used in prosecuting an appeal from the judgment of a County Court.

APPEAL from *Benton* Circuit Court.

J. M. PITTMAN, Judge.

*E. P. Watson* for appellant.

Mayors of towns have power and authority to take affidavits. *Mansf. Dig., secs.* 797, 2917, 2911. Section 797 gives mayors *all* the *powers* and *jurisdiction* that justices of the peace have, which include the taking of affidavits.

*E. S. McDaniel* for appellee.

Section 797 simply defines the powers conferred upon corporation courts. This construction is in accordance with article 7, section 43, Constitution.

4

Robinson v. Benton County.

Our statute having *named* the officers before whom affidavits may be taken, and mayors not being named therein, they are excluded. *Mansf. Dig., sec. 2918; 42 Ark., 183–5; 9 Wend., 340.*

COCKRILL, C. J.   The parties concur in the opinion that the only question presented by the record in this case is this: Has the mayor of a town authority to take an affidavit to be used in prosecuting an appeal from the judgment of the County Court to the Circuit Court.   Robinson's affidavit for appeal from a judgment of the County Court was made before a mayor of a town.   The Circuit Court dismissed the appeal, and he has prosecuted an appeal from the judgment of dismissal.

The statute regulating appeals from judgments of the County Court requires an affidavit to be made by the party aggrieved, but does not specify before whom it shall be made. *Mansf. Dig., sec. 1436.*   Section 2918, *id.*, names the officers before whom affidavits generally may be made in the State. The mayor of a town or city is not mentioned among them. Justices of the peace however are specified, and section 797, which was enacted subsequent to the last mentioned section, declares that, "The mayor of the corporation shall be a conservator of the peace throughout its limits, and shall have within the same all the powers and jurisdiction of a justice of the peace in all matters civil or criminal arising under the laws of the State, to all intents and purposes whatever."

It is argued that this section confers judicial power alone or such as is necessary to make jurisdiction effectual, and was enacted merely to carry into effect section 43 of article 7 of the Constitution of 1874, which declares that, "Corporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace in civil and criminal matters."

The argument is not without force, but the statute seems <span>AFFIDAVIT: Mayor of town may take.</span> to be broader than the provision of the Constitution. The jurisdiction mentioned in the Constitution means the authority to hear and determine causes, and the statute would have been as broad as the Constitution if it had only conferred upon mayors who preside over corporation courts the jurisdiction exercised by justices of the peace. But the legislature appears to have intended to go further, for "all the power and jurisdiction of justices of the peace to all intents and purposes whatever," is granted. As justices of the peace have power to take affidavits not only in the exercise of their judicial functions, but generally, we think the act quoted confers the like power upon mayors of towns.

Let the judgment be reversed and the cause remanded.